# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

DAEVIONNE SMITH,

    Plaintiffs,

v.

OFFICER GREGORY BAUER, Individually and in his official capacity;
CITY OF GRAND RAPIDS POLICE DEPARTMENT; CITY OF GRAND RAPIDS; and any unknown, yet to be discovered liable persons or entities.

    Defendants.

Case No.

Hon. Robert J Jonker

---

John R. Beason III, Esq.
The J.R. Beason Firm PLLC.
Attorney for the Plaintiff
(269) 213-1426
JRBeason3@TheJRBeasonFirm.com

(1)

## PLAINTIFF'S COMPLAINT AND REQUEST FOR DAMAGES

Plaintiff, DAEVIONNE SMITH, comes now through counsel, and brings this action for violations of due process, reckless, wanton use of a firearm, assault, battery, intentional infliction of emotional distress, and gross negligence against the Defendants Officer Gregory Bauer and the City of Grand Rapids Police Department in their individual and official capacities, alleges as follows.

(2)

## INTRODUCTION

This is a Civil Action asserting claims under the Federal Constitution and Michigan law alleging violations of constitutional due process and the State's "Reckless, wanton use, or negligent discharge of firearm" statute, substantiating disparate treatment and gross negligence causing assault, battery, and severe mental anguish and suffering to the plaintiff in violation of M.C.L. § 600.5805, M.C.L. § 750.81, and M.C.L. § 752. 863a.  Plaintiff requests a jury trial and seeks an award of compensatory and exemplary damages, as well as reasonable attorney fees and cost pursuant  to and M.C.L.A. § 600.2954 and  42 U.S.C. §1983.

(3)

## JURISDICTION AND VENUE

This court has jurisdiction over all causes of action set forth in this complaint pursuant to 28 U.S.C § 139, as the plaintiff and the Defendants reside in the County of Kent, in the State of Michigan. The occurrence of the significant and relevant incidents giving rise to this complaint took place in Grand Rapids, MI, County of Kent, within the jurisdiction of this Court.

(4)

## THE PARTIES

Plaintiff is a citizen of the State of Michigan and resides in the City of Grand Rapids in the County of Kent.

(5)

Defendant Officer Gregory Bauer is a citizen of the State of Michigan with the competency and capacity to sue and be sued.  At the time of the alleged extreme conduct, the Defendant was an employee and resident in Grand Rapids, MI (Kent County) and currently retains domicile and a residence in Western Michigan. The Defendant City of Grand Rapids Police Department, is a municipal corporation department operating within the County of Kent in the State of Michigan.

3

## FACTS GIVING RISE TO PLAINTIFF'S COMPLAINT

(6)

On December 9th of 2021, the Plaintiff, Mr. Daevionne Smith and two friends were enjoying a Saturday night out on the town in Grand Rapids, MI. At approximately 12:00 am in the night, the Plaintiff and friends stopped by his elderly father's home to check on him. Finding his father asleep, Mr. Smith used the restroom and proceeded back towards his car, a white Audi A8 Sedan.

(7)

Also on the night of December 9th, 2021, simultaneously as the Plaintiff was innocently journeying through the city, Grand Rapids Police Department officers were looking for a stolen vehicle, a white Audi A7 coup and mistakenly believed they found it when the Plaintiff's car was spotted at his residence near Cass Avenue and Sycamore St SE. Failing to check the license plate or model of the car, GRPD officers set up a perimeter around the Plaintiff's father's home and waited for Mr. Smith to come out.

(8)

When Mr. Smith came out of his father's house, he could sense the presence of someone waiting on the side of the structure.  Fearing the shadowy figure was a robber or assailant, he fled in the opposite direction.  Seconds later, with no forewarning or announcement proclaiming his pursuers as police officers, a gun blast rang out and a bullet flew past the Mr. Smith's head, close enough for him to feel and hear the force of the small piece of steel, which caused him to immediately throw himself to the ground in fear of his life.  As a result of the impact from sudden fall and the shocking near death experience, the Plaintiff is suffering loss of mobility and chronic pain in his arm and shoulder, as well as from post traumatic stress disorder, sleep deprivation, mental anguish, and emotional pain and suffering.

(9)

After the life-threatening shooting incident, interacting with indifferent police officers, and watching public prosecutors fail to hold the officer accountable for reckless and malicious intent, the Plaintiff, while enduring post traumatic stress, concluded that the GRPD officers' poor training and pattern of disregarding human rights would result in the death of another minority citizen.  Just days after hiring an attorney to pursue this claim, another minority motorist, Patrick Lyola, was

5

killed, being shot in the back of the head by a Grand Rapids Police Officer. Prior to his own near death shooting in the back of head, Mr. Smith's cousin, Breonna Taylor was killed by police officers as well. The Plaintiff is also suffering from heightened anxiety in relation to the foreseeable deaths of minority citizens at the hands of the Defendants.

(10)

As a result of the Defendants' lack of public safety policies, use of force protocols, firearm safety procedures, and or their failure to apply them in the incident at issue, the GRPD grossly violated the standard of care owed to the public when they drew deadly weapons and discharged one without justification, thereby recklessly endangering the lives of an unarmed innocent citizens, the public at large, and causing the physical and emotional suffering of the plaintiff.

(11)

Defendants, The City of Grand Rapids and its Police Department, have an extensive record in the Western Michigan jurisdiction and community for abusive, violent, and reckless policing against minorities. In 2019 videos circulated through the community of GRPD officers punching a "Black" citizen some thirty times, using excessive force to achieve compliance. The same year, in 2019, GRPD

6

officers held two Latino teens at gunpoint while jaywalking. In March of 2017, GRPD officers pulled guns on an African American preteen and a group of teenage boys walking home after playing basketball, posing no threat to armed men. In December of 2017 GRPD officers handcuffed an eleven year old African American girl, her mother, and aunt at gunpoint when they posed no physical threat to the officers.

(12)

According to the Defendant's April 2017 "Traffic Stop Data Analysis" study conducted by Lamberth Consulting, Black drivers are twice as likely to be stopped by Grand Rapids Police Department than white drivers, causing a discriminatory over abundance of police contact with officers who have rarely been held accountable for their abuses. The Lamberth study also revealed that despite the chances of finding contraband being the same across all races, Black motorists were twice as likely to be searched for contraband after a stop by the Grand Rapids Police Department. The State of Michigan Department of Civil Rights has over sixty open complaints against the Defendants. The City of Grand Rapids has long been aware of the open and obvious discriminatory practices by its' Police Department against its own minority citizens.

(13)

For several years, the City of Grand Rapids, as a municipal corporation, has been aware and complacent in the human rights violations of its police department. For several years, the City of Grand Rapids has possessed foreknowledge of its officers' regular practices of needlessly drawing deadly weapons on and using excessive force against minority citizens. On August 5th of 2020, Governor Gretchen Whitmer signed Executive Directive 2020-9, recognizing racism as a public health crisis and her administrations' steps towards addressing it within state government. Despite the Defendants' foreknowledge of its constant abuses and the State's public address to the issue, the City of Grand Rapids failed to take steps to protect its minority citizens from their violent police force. By failing to act on their foreknowledge of the constitutional and human rights violations being committed by their employees against their citizens, the Defendants created the incident giving rise to suit.

(14)

## COUNT I. GROSS NEGLIGENCE

Plaintiffs, realleges paragraphs 1-14.

(15)

As a licensed and trained police officers and lethal arms holders acting as public servants, the Defendants owed the Plaintiff and the community at large, a duty of

care and they breached that duty of care when he violated state laws and acted with wanton disregard for the rights and safety of the Plaintiff, thereby causing him impairment of bodily function, extreme mental anguish, and loss of enjoyment of life. The Grand Rapids Police Department and the City of Grand Rapids were aware of these types of tactics being used in incidents involving African Americans and Latinos and failed to properly train, reprimand, and or manage the Grand Rapids Police Department Officers. The City of Grand Rapids and its Police Department failed to establish and or properly execute protocols and policies designed to protect the entire community while ignoring community complaints and calls for reform for years.

(16)

A gross negligence claim must establish (1) that the Defendant "owed a duty of care to the Plaintiff", (2) that the Defendant "breached that duty", and (3) that "the breach proximately caused his/hers damages." *See Pathways, Inc. v. Hammons,* 113 S.W.3d 85, 88 (Ky.2003) (citing *Mullins v. Commonwealth Life Ins. Co.,* 839 S.W.2d 245 (Ky.1992)). The Plaintiff "must demonstrate "an element either of malice or willfulness or such an utter and wanton disregard of the rights of others as from which it may be assumed that the act was malicious or willful." *Phelps v.*

*Louisville Water Co.,* 103 S.W .3d 46, 51 (Ky.2003). McIntosh v. Data RX Mgmt., Inc., No. 5:13-CV-140-TBR, 2014 WL 774609, at *5 (W.D. Ky. Feb. 25, 2014).

(17)

The Defendants, Officer Bauer, the Grand Rapids Police Department, and the City of Grand Rapids, owed the Plaintiff a duty of care as public servants, and they breached that duty when they knowingly, willfully, and purposefully failed to perform the legal standard of care, i.e, attempting to verify rather or not the stolen vehicle being searched for has been located prior to drawing lethal weapons and pursuing the driver of an unverified vehicle as an armed and dangerous suspect. The Municipal Defendants breached their duty of care when they failed to properly establish and or properly execute protocols or policies designed to protect the innocent plaintiff and the minority public at large.

(18)

The Defendants knowingly, purposefully, and with wanton disregard for the Plaintiffs' rights and safety, breached the duty of care owed to Mr. Daevionne Smith when Gregory Bauer and other officers set up a perimeter around the Plaintiff and drew weapons before verifying that the suspect was armed or that his private vehicle was actually stolen, and then proceeding to pursue him and discharging a deadly weapon in the direction of his head, causing him post

10

traumatic stress and bodily injury. The Defendants breached their duty of care when they failed to properly establish and or properly execute protocols or policies designed to protect the innocent plaintiff and the public at large.

(19)

## COUNT II. ASSAULT & BATTERY

Plaintiffs, realleges paragraphs 1-19.

(20)

The Defendants committed assault and battery when they intentionally pursued the Plaintiff and shot a deadly weapon at the back of his head, causing him to collide with the ground with excessive impact while in fear of his life, thereby harming the plaintiff physically and mentally.

(21)

"Assault" is defined as either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. People v. Meissner, 294 Mich. App. 438, 812 N.W.2d 37 (2011). "Battery" is an intentional, unconsented and harmful or offensive touching of the person of another. People v. Meissner, 294 Mich. App. 438, 812 N.W.2d 37 (2011).

(22)

11

"The offense of assault requires proof that the defendant made either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." People v. Henry (Aft. Rem.), 305 Mich. App. 127, 854 N.W.2d 114 (2014).  A "battery" is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person. People v. Henry (Aft. Rem.), 305 Mich. App. 127, 854 N.W.2d 114 (2014).

(23)

"A "battery" is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person; it is not necessary that the touching cause an injury. Lakin v. Rund, 318 Mich. App. 127, 896 N.W.2d 76 (2016). "Common-law battery does not require force capable of causing physical pain or injury." Stokeling v. United States, 139 S. Ct. 544, 202 L. Ed. 2d 512 (2019).

(24)

Michigan law defines "serious impairment of body function" as such: "an impairment affects a person's general ability to lead his or her normal life where the impairment "influence[s] some of the person's power or skill, i.e., the person's capacity to lead a normal life." Patrick v. Turkelson, 919 N.W.2d 280(Mem) (Mich.

12

2018). The Plaintiff suffered an arm injury, an offensive touching, and post traumatic stress disorder as a result of the reckless discharge of a firearm towards his head, forever impairing his ability to lead a "normal life." Patrick v. Turkelson, 919 N.W.2d 280(Mem) (Mich. 2018).

(25)

Defendants, the City of Grand Rapids, Grand Rapids Police Department, and Officer Gregory Bauer, committed assault and battery when they intentionally drew weapons, pursued, and discharged a deadly weapon at the head of the Plaintiff, causing him to fall to the ground in physical and emotional anguish. Furthermore, the Defendants caused the offensive and harmful touching of the Plaintiff when they wrongfully detained him as a result of their failure to establish and or impartially employ standard public safety protocols or policies irrespective of race.

(26)

## DAMAGES

Plaintiffs, realleges paragraphs 1-26.

(27)

A "jury may be permitted to assess punitive damages in an action under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or

13

when it involves reckless or callous indifference to federally-protected rights of others and such threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness. 42 U.S.C.A. § 1983. <u>Smith v. Wade</u>, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). The calculation of future damages for types of future damages described in subsection (1)(b) shall be based on the costs and losses during the period of time the plaintiff will sustain those costs and losses. M.C.L. § 600.6305

(28)

**RELIEF REQUESTED**

Plaintiff, realleges paragraphs 1-28.

(29)

As a result of the aforementioned legal violations suffered by the Plaintiff and caused by the Defendants, Mr. Daevionne Smith is enduring serious impairment of bodily functions, loss of enjoyment of life, and post traumatic stress disorder symptoms manifested in mental anguish, humiliation, outrage, anxiety attacks, chronic body pains, headaches, loss of sleep, and emotional distress.

(30)

**Wherefore**, the Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor against Defendants for the following relief:

I. That $7,500,000.00 be paid in compensatory and exemplary damages to the Plaintiff to compensate him for the mental and physical anguish, loss of enjoyment, and the post traumatic stress he will continue to endure;

II. That $500,000.00 be paid as an award of interest, costs, and reasonable attorney fees;

III. That equitable relief in the form of an order mandating cultural sensitivity training, conducted by firms provided by the Plaintiff, for all Grand Rapids Police officers, city employees, and elected officials, so as to address the public health crisis of racism in the City of Grand Rapids government and public institutions.

IV. Any other compensatory, exemplary, or equitable relief that this Honorable Court deems appropriate at the commencement of trial.

**THE J.R. BEASON FIRM, PLLC.**
Attorney John R. Beason III
for Plaintiff, Mr. Daevionne Smith

Dated: April 27, 2022

By: /s/ John R. Beason III, Esq.
The J.R. Beason Firm PLLC.
D.C. Bar No.: 1721583
IBA Bar No.: 1522438
853 McAlister St.
Benton Harbor, MI 49022
(269) 213-1426
JRBeason3@TheJRBeasonFirm.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAEVIONNE SMITH,

    Plaintiffs,                                       Case No.

v.                                                     Hon. Robert J Jonker

OFFICER GREGORY BAUER, Individually and in his official capacity;
CITY OF GRAND RAPIDS POLICE DEPARTMENT; CITY OF GRAND RAPIDS; and any unknown, yet to be discovered liable persons or entities.

    Defendants.

_____

## JURY DEMAND

    To the extent that a jury trial is allowed with regard to any of the issues as set forth above, Plaintiff mercifully demands such.

                                                  **THE J.R. BEASON FIRM, PLLC.**
                                                    Attorney John R. Beason III
                                                    for Plaintiffs, Mr. Daevionne Smith

Dated: April 27, 2022

                                                    By: /s/ John R. Beason III, Esq.
                                                    Attorney John R. Beason III
                                                    D.C. Bar No.: 1721583
                                                    IBA Bar No.: 1522438
                                                    853 McAlister St.

        Benton Harbor, MI 49022
        (269) 213-1426
        JRBeason3@TheJRBeasonFirm.com